Learned
*v.*
Cutler.

———

## ANDREW CUNNINGHAM *et al. versus* JOHN MAGOUN *et al.*

Where the evidence is clear and strong and the law is explicitly stated to the jury, and they decide against the law, the Court will set aside the verdict, because it must, in such case, be apparent, that the jury have either unintentionally erred, by mistaking the terms of their instructions, or have misapprehended the weight of the evidence, or have mistaken their duty, or abused their trust ; but this will be more readily presumed in the case of a single verdict, than where there have been two verdicts the same way.

But where the question is purely matter of fact, and there is evidence for the jury to weigh and balance, and presumptions are to be raised and inferences drawn, and the jury may be presumed to have fairly exercised their judgment, the Court will not feel authorized to set the verdict aside, although the Court, upon the same evidence, would have decided the other way ; more especially where the verdict is against the party having the burden of proof.

ASSUMPSIT for goods sold and delivered. Holwell, one of the defendants, did not appear. The other defendant, John Magoun, pleaded, that he never promised jointly with Holwell. At the first trial of this cause, a verdict was returned for the defendant ; but a new trial was granted, on the ground that the verdict was against the evidence.

The second trial was before *Wilde* J. It was admitted, on the part of the plaintiffs, that the bargain was made in the name of Holwell only, and that the goods were charged to him on the books of the plaintiffs.

Witnesses were produced on both sides, to prove and disprove, respectively, the existence of a partnership between Holwell and Magoun. The jury returned a verdict for the defendant. The plaintiffs moved for a new trial, on the ground, that the verdict was against the evidence.

*March 12th.* C. G. *Loring* and F. C. *Loring*, for the plaintiffs.

J. *Pickering* and S. D. *Parker*, for the defendant Magoun.

*March 14th.* SHAW C. J. delivered the opinion of the Court. The principles upon which new trials are granted, are now pretty well settled ; and in general the difficulty arises, not so much from the uncertainty of the rules, as from the almost infinitely varied combinations of circumstances to which they are to be applied.

The great principle, which is at the basis of jury trial, is never to be lost sight of, that to all matters of law, the court are to answer, to all controverted facts, the jury. The verdict of a jury is practically to be taken for truth.

Formerly this distinction was effectually preserved, by special pleading, whereby juries were compelled to answer yes or no, to a precise fact, averred on one side and denied on the other, and by attaints and other expedients, where juries departed from the truth, through prejudice or corrupt motives. But by the prevailing use, in modern practice, of general declarations and general issues, the jury is in most cases left to find a general verdict, which necessarily embraces the whole matter of law and fact. The mode of trial therefore necessarily is, when the evidence is out, for the court to direct the jury hypothetically, adapting the instructions in point of law to the state of evidence, putting it to the jury to return a verdict for the plaintiff or defendant, as they shall find certain facts proved to their satisfaction or otherwise, by the evidence. The consequence obviously is, that the jury, in finding a general verdict, do in form return a verdict embracing the matter of law as well as fact ; and, therefore, as they may mistake the instructions of the court, or may take the law into their own

hands, imagining it to be severe or inequitable, they may return a verdict manifestly against the law and truth of the case. To render such a mode of trial safe and tolerable, there must exist a power somewhere, to re-examine verdicts with some freedom, and when it is manifest that juries have been warped from the direct line of their duty, by mistake, prejudice, or even by an honest desire to reach the supposed equity, contrary to the law of the case, it will be the duty of the court to set the verdict aside. When, therefore, the evidence is clear, plain and strong, and the law has been clearly and explicitly stated to the jury, and they decide against the law, it imposes upon the court the duty of interfering, because it must be apparent, that the jury have either unintentionally erred, by mistaking the terms of their instructions, or misapprehended the weight of the evidence, or that they have mistaken their duty or abused their trust. This will be more readily presumed in case of a single verdict, than in case of a second verdict the same way.

But where the question is purely matter of fact, where there is evidence for the minds of the jury actually and fairly to weigh and balance, where presumptions are to be raised and inferences drawn, and the jury may be presumed fairly to have exercised their judgment, a court will not feel at liberty to set a verdict aside, although upon the same evidence they would have decided the other way. This consideration is somewhat strengthened, where the verdict is against the party having the burden of proof.

After an examination of the evidence, the judge concluded thus : In the present case, though there was strong evidence to prove a partnership, yet there was evidence the other way, the burden of proof was upon the plaintiffs, and two juries on the evidence have decided against them. We do not feel warranted in saying that they have done wrong.

*Judgment on the verdict.*